**Raphael J. MUSICUS, Plaintiff-Appellant,**

v.

**WESTINGHOUSE ELECTRIC CORPORATION and Coral Ridge Properties, Inc., Defendants-Appellees.**

No. 79–1067.

United States Court of Appeals, Fifth Circuit.

July 15, 1980.

Raphael J. Musicus, pro se.

Patterson, Maloney, Blyler & Feige, H. C. Feige, Fort Lauderdale, Fla., for defendants-appellees.

Before MORGAN, CHARLES CLARK and TATE, Circuit Judges.

PER CURIAM:

On this appeal we review an order of the district court dismissing the plaintiff's motion to disqualify counsel.[1] Because the district court erred in failing to address the merits of the motion, we vacate the order appealed from and remand the action to the district court.

The underlying cause of action arises from the sale in March 1976 to Raphael J. Musicus of a condominium in the Playa del Sol development by Westinghouse Electric Corp. [Westinghouse] and its wholly owned subsidiary, Coral Ridge Properties, Inc. [Coral Ridge]. The law firm of Patterson, Maloney, Blyler & Feige [the Patterson firm][2] has represented Coral Ridge as general counsel since the corporation's inception. The Patterson firm additionally has represented the condominium owners' association, Playa del Sol Association, Inc. [the

Association], both when Coral Ridge in its capacity as developer controlled the Association and subsequently when control of the Association passed to the owners of the individual condominium units.

This action was filed in the United States District Court for the Northern District of Illinois on April 21, 1976. The action subsequently was transferred to the United States District Court for the Southern District of Florida where, on September 14, 1978, the Patterson firm first noted its appearance on behalf of the defendants Westinghouse and Coral Ridge.[3] On September 30, 1978, Musicus filed a motion to disqualify the Patterson firm from representing Westinghouse and Coral Ridge in the present action, alleging that such representation constituted an impermissible conflict of interest and an actionable breach of ethical duties because of the firm's prior representation of the Association during the time in which he, as a unit owner, was a member.

On December 6, 1978, the district court denied the motion to disqualify counsel, stating that:

> After carefully reviewing the record, the court notes that it shall not undertake to tell clients whom they may hire for legal representation, nor shall it undertake to tell law firms whom they may represent. Breaches of attorney-client privileges or of other ethical duties shall be raised in appropriate grievance proceedings or in other separate actions against counsel.

Pursuant to this court's Order of Limited Remand, the district court subsequently amplified its December 6, 1978, order by stating "that it did not reach the merits of

1. Such orders are appealable under 28 U.S.C. § 1291. *Brennan's, Inc. v. Brennan's Restaurants, Inc.*, 590 F.2d 168, 171 (5th Cir. 1979); *Brown & Williamson Tobacco Corp. v. Daniel Int'l Corp.*, 563 F.2d 671, 672–73 (5th Cir. 1977); *Woods v. Covington County Bank*, 537 F.2d 804, 809–10 (5th Cir. 1976); *Tomlinson v. Florida Iron & Metal, Inc.*, 291 F.2d 333, 334 (5th Cir. 1961). *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *See generally* 5th Cir. R. 19.1.2.

2. During the time period applicable to this litigation, the Patterson firm previously has been named Patterson, Maloney & Frazier and Patterson, Maloney & Shankweiler.

3. Prior to this date, Westinghouse and Coral Ridge had been represented in this litigation by the law firms of Kirkland & Ellis; Ross, Hardies, O'Keefe & Babcock; and Coffield, Ungaretti, Harris & Slavin. The firm of Coffield, Ungaretti, Harris & Slavin and the Patterson firm presently are counsel of record for Westinghouse and Coral Ridge.

the plaintiff's motion to disqualify [counsel]."

The district court was incorrect in its view that breaches of attorney-client privileges or other ethical duties can only be raised in separate grievance proceedings brought against counsel. *See Ceramco, Inc. v. Lee Pharmaceuticals*, 510 F.2d 268, 270 (2d Cir. 1975). A district court is obliged to take measures against unethical conduct occurring in connection with any proceeding before it. *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir. 1976); *Sanders v. Russell*, 401 F.2d 241, 246 (5th Cir. 1968). *See generally E. F. Hutton & Co. v. Brown*, 305 F.Supp. 371, 376–77 (S.D. Tex.1969). A motion to disqualify counsel is the proper method for a party-litigant to bring the issues of conflict of interest or breach of ethical duties to the attention of the court. *Id.* at 376.

In the instant case, Musicus alleged in his motion to disqualify counsel both that a prior attorney-client relationship existed between the Patterson firm and himself[4] and that the matters involved in the pending suit are substantially related to matters in which the Patterson firm previously represented him.[5] Because these allegations, if true, would support an order disqualifying the Patterson firm from representing Westinghouse and Coral Ridge in the present action, see *In re Yarn Processing Patent Validity Litigation*, 530 F.2d 83, 89–90 (5th Cir. 1976); *American Can Co. v. Citrus Feed Co.*, 436 F.2d 1125, 1128–29 (5th Cir. 1971), the district court erred in failing to address the merits of the motion to disqualify counsel. Accordingly, we vacate the order appealed from and remand this action to the district court.

VACATED and REMANDED.

4. Because the parties failed to develop the record adequately before the district court and because the district court failed to address the merits of the motion, we pretermit deciding and intimate no opinion as to whether a law firm's representation of an incorporated condominium owners' association can give rise to an attorney-client relationship between the firm and an individual condominium unit owner.

5. Musicus filed an affidavit and various exhibits in support of his motion.