**STANWOOD CORPORATION, Plaintiff,**

v.

**Charly BARNUM, Defendant and Third-Party Plaintiff,**

and

**KESSER ELECTRONICS INTERNATIONAL, INC., Defendant,**

v.

**Jack TILSON and David T. Chase, Third-Party Defendants.**

No. C–C–83–359–M.

United States District Court, W.D. North Carolina, Charlotte Division.

Dec. 30, 1983.

John R. Wester and Robin L. Hinson, Fleming, Robinson, Bradshaw & Hinson, Charlotte, N.C., for plaintiff.

James J. Carroll, III, Constantinou & Carroll, West Orange, N.J., for defendant.

Charly Barnum, pro se.

## ORDER

McMILLAN, District Judge.

Defendant Barnum has moved the court to disqualify plaintiff's attorneys as counsel in this case. Pursuant to defendant's request, the motion will be decided without hearing.

Defendant Barnum contends that plaintiff's counsel must be disqualified because *defendant* plans to call two members of the firm as witnesses in his case. Defendant claims (1) that plaintiff's counsel are familiar with defendant's knowledge about the accuracy of his financial statements; and (2) that plaintiff's counsel gave defendant legal advice before the suit was filed.

While a court has the authority to disqualify an attorney from representation in a particular case, such action is ordinarily not taken without a strong showing. The party seeking the sanction has the burden of proving that disqualification is indicated. *Brotherhood Ry. Carmen, etc. v. Delpro Co.*, 549 F.Supp. 780 (D.Del. 1982).

Defendant has cited no authority to support his motion; therefore, the court will look to the North Carolina Code of Professional Responsibility for possible guidance. Each of defendant Barnum's contentions will be addressed separately.

1. Disciplinary Rule 5–102(B) provides that

[i]f, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm may be called as a witness *other than on behalf of his client,* he may continue the representation until it is apparent that his testimony is or may be prejudicial to his client. [Emphasis supplied.]

The court has not heard enough to have any opinion on the merits of this case. However, it is not "apparent," from a reading of the papers in the file, that testimony by plaintiff's counsel regarding defendant's knowledge about his company's financial statements will necessarily be prejudicial to plaintiff. Following the disciplinary rule, the court cannot disqualify plaintiff's counsel merely because an adverse party intends to call them as witnesses. Such a rule, taken to its logical conclusion, would allow any party to deprive his adversary of the counsel of his choice simply by announcing an intention to question the ad-

versary's attorney in open court. The court will not disqualify plaintiff's counsel on this basis without proof that the substance of counsel's testimony (if offered) will compromise plaintiff's case. Evidence to that effect has not been produced.

**2.** Disciplinary Rule 5–102(A) provides that

[i]f a lawyer learns or it is obvious that he ... ought to be called as a witness *on behalf of his client,* he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify [in certain enumerated circumstances]. [Emphasis supplied.]

Defendant alleges that plaintiff's counsel established a lawyer/client relationship with defendant, by giving defendant legal advice before this suit was filed. Particularly, he alleges that plaintiff's attorney, Mr. Robin Hinson, advised defendant not to provide third-party defendant Jack Tilson access to all of defendant Barnum's business records. According to Barnum, this legal advice, when followed, led to the irretrievable breakdown of an otherwise harmonious relationship between defendant Barnum and third-party defendant Tilson, and is the underlying cause of the litigation between these two parties in this court.

It is unclear whether Barnum raises this particular allegation because he intends to obtain testimony from Mr. Hinson concerning his dispute with Tilson, or whether he raises it purely as a charge of conflict of interest to support disqualification of plaintiff's attorneys.

Plaintiff's counsel vigorously deny ever having represented Barnum. Their affidavits show that at the time alleged, Hinson and Wester were representing Stanwood Corporation and that Barnum had his own separate lawyer. The court finds no evidence to buttress defendant's claim that plaintiff's counsel acted as his attorneys. Indeed, the record reveals that, throughout his dealings with plaintiff, and until very recently, defendant was represented by independent counsel.

Defendant's contention that plaintiff's attorney Mr. Hinson advised defendant not to reveal his business records to third-party defendant Tilson, even if true, does not require disqualification of plaintiff's counsel. Defendant Barnum alleges that plaintiff's counsel deliberately gave him erroneous advice concerning Tilson for the purpose of furthering plaintiff's interests. However, defendant has failed to demonstrate that plaintiff Stanwood's interests in this case are in any manner connected with the dispute between Barnum and Tilson. Stanwood and Tilson are not represented by the same counsel [it is unclear at this point whether Tilson is represented by any counsel], and it is far from apparent whether testimony concerning Barnum's relationship with Tilson would be pertinent to the main case between Barnum and Stanwood.

Defendant bears the burden of proving the existence of an actual conflict of interest requiring disqualification. The weight of the evidence indicates that plaintiff and defendant Barnum were each represented by independent counsel throughout their business dealings with each other. At most, defendant has offered testimonial evidence that plaintiff's counsel on one occasion gave defendant a limited piece of advice on a matter collateral to this case. This evidence does not lead to the conclusion that a conflict of interest exists in this case.

**3.** The North Carolina Bar Association's disciplinary rules provide that a lawyer or his firm may continue to represent a client in a case in which the lawyer is expected to testify "if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case." DR 5–101(B)(4). Defendant has waited until the case was five months old to raise this issue of potential conflict of interest. The discovery period is almost over, and trial on the merits is near. Plaintiff's counsel are familiar with the case and have been preparing for trial. Plaintiff would

suffer a substantial hardship were it to be deprived of its counsel now. Even if defendant offers substantial proof that plaintiff's counsel acted as his legal representatives, other attorneys in counsel's firm may nevertheless represent plaintiff.

Defendant's motion to disqualify plaintiff's counsel, and the law firm with which they are associated, is hereby DENIED.

■ Defendant has further moved the court to disqualify the same counsel, and associated law firm, on grounds that these attorneys also represent the third-party defendant, David T. Chase. Neither plaintiff nor third-party defendant Chase has indicated any dissatisfaction with this joint representation. Affidavits submitted by plaintiff's attorneys reveal that counsel have taken significant precautions to prevent the development of a conflict of interest arising from this joint representation. Plaintiff and Chase do *not* have a necessarily adversarial relationship in this case, and defendant's motion is without merit. Accordingly, defendant's motion to disqualify third-party defendant's counsel is further hereby DENIED.