Patricia L. SALATIN, Trustee of the David Salatin Charitable Remainder Unitrust, Plaintiff,

v.

TRANS HEALTHCARE OF OHIO, INC., et al., Defendants.

No. 3:01 CV 7270.

United States District Court, N.D. Ohio, Western Division.

June 3, 2002.

Andrew W. Owen, Thomas W. Hess, Buckingham, Doolittle & Burroughs, Columbus, OH, John H. Hanna, Hanna & Fisher, Napoleon, OH, Richard S. Walinski, Cooper & Walinski, Toledo, OH, for Patricia L. Salatin, Trustee of the David C. Salatin Charitable Remainder Unitrust, Plaintiffs.

Charles M. Tea, III, Kirkpatrick & Lockhart, Pittsburgh, PA, Richard M Kerger, Valerie D. Moffitt, Kerger & Kerger, Toledo, OH, for Trans Healthcare of Ohio, Inc., Defendant.

## ORDER

CARR, District Judge.

Plaintiff Patricia L. Salatin, Trustee of the David C. Salatin Charitable Remainder Unitrust, brings this declaratory action against defendants Trans Healthcare of Ohio, Inc. ("Trans Healthcare") and Trans Healthcare, Inc.[1] asking this court to determine the ownership of "operating rights" to beds at a nursing home facility.[2] Plaintiff also seeks temporary, preliminary, and permanent injunctive relief. Finally, plaintiff asserts promissory estoppel, tortious interference with business relations, and breach of contract claims against defendants. This court has diver-

1. In my September 24, 2001, Order, defendant Trans Healthcare, Inc. was dismissed without prejudice. (Doc. 28 at 12).

2. "Operating rights" is a term of art first mentioned in 1986 in the Ohio Administrative Code provision establishing requirements for relocating nursing home beds. OHIO ADMIN. CODE § 3701–12–232(B) (A person requesting relocation must be both the licensed operator

of the nursing home facility and the owner of the operating rights to the facility.). Before 1986 and at the time the parties' predecessors entered into the lease in this case, the term "operating rights" had no legal significance. *See In re Eda Rae Care Ctr.*, No. 94APH08–1232, 1995 Ohio App. LEXIS 1065, at *11, 1995 WL 127882, at *2 (March 23, 1995). The lease in this case, therefore, does not address the issue of "operating rights."

sity jurisdiction pursuant to 28 U.S.C. § 1441(a). Pending is defendant's motion to disqualify plaintiff's counsel. For the following reasons, defendant's motion to disqualify plaintiff's counsel shall be denied.

## DISCUSSION

The factual background of this case has been recounted in this court's order issued on September 24, 2001. (Doc. 28).

Defendant has moved to disqualify Andrew W. Owen, Thomas W. Hess, and Buckingham, Doolittle, & Burroughs LLP, ("Buckingham, Doolittle") as plaintiff's counsel. Defendant contends,

> [I]t is apparent based upon a review of the complaint and additional facts that have become known to [Trans Healthcare] through its continuing investigation that Attorney Hess will be called as a material witness by both parties to testify about his substantial involvement in the events and circumstances underlying this lawsuit.

(Doc. 39 at 2).

Defendant contends that Hess is a material witness because he will be needed to testify about the complaint's allegations, both to support plaintiff's claims and to contradict defendant's defenses.

Plaintiff argues that any testimony from Hess is irrelevant to resolution of the: 1) declaratory judgment claim; 2) ownership of the operating rights; 3) breach of contract claim; 4) promissory estoppel claim; and 5) tortious interference claim. Plaintiff also cautions that motions to disqualify must be viewed with skepticism. Plaintiff argues, "[Trans Healthcare] cannot be permitted to tactically use the fact that it may, of its own choosing, subpeona Attorney Hess for a deposition or as a trial witness as a basis for then forcing the withdrawal of [Buckingham, Doolittle] as trial counsel for the Trust under DR 5–101." (Doc. 41 at 5). Plaintiff also argues

the disqualification would be a substantial hardship.

It is proper for a party to call attention to a conflict of interest or breach of an ethical duty through a motion to disqualify an attorney. *Hamrick v. Union Township*, 81 F.Supp.2d 876, 878 (S.D.Ohio 2000) (citing *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980)). A motion to disqualify an attorney involves the "competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice." *Id.* (citing *Kitchen v. Aristech Chem.*, 769 F.Supp. 254, 257 (S.D.Ohio 1991)). Such a motion must be considered with "extreme caution" because interlocutory appeals generally are not available, and the motion can be used as a strong weapon by opposing counsel. *Id.* (citations omitted); *see also Baker v. BP Am., Inc.*, 768 F.Supp. 208, 213 (N.D.Ohio 1991).

A court must look to the Canons, Ethical Considerations, and Disciplinary Rules provided in the Code of Professional Responsibility adopted by the Supreme Court of Ohio. *Hamrick*, 81 F.Supp.2d at 879. Disciplinary Rules 5–101 and 5–102—the rules that govern attorney withdrawal requirements—are at issue on this motion.

While defendant makes several allegations concerning alleged necessity of Hess as a witness, defendant's briefs contain nothing more than bald assertions lacking citation to any record. During a telephone conference on March 22, 2002, I ordered the parties to depose Hess, thereby creating a record as to what he knew and did in sufficient detail to enable a fair assessment of any need for Hess to be called as a witness. Defendant has disregarded this order and the deadline for supplementing the record with Hess's deposition. Defendant's failure to supplement the record leaves me with nothing other than defen-

dant's bald assertions in determining the necessity of Hess's testimony. I cannot grant a motion to disqualify on such assertions alone.

Defendant's motion to disqualify shall be, therefore, denied without prejudice. Defendant may renew the motion once a record has been created or it appears that Hess will be called as a witness and will have relevant, material, and admissible testimony.

### CONCLUSION

It is, therefore,

### ORDERED THAT

Defendant's motion to disqualify be, and hereby is, denied without prejudice.

**So ordered.**