Michael ROYTBERG and Lyudmila
Roytberg, Appellants,

v.

WAL–MART STORES, INC. d/b/a
Sam's Club, Appellee.

No. 05–01–01576–CV.

Court of Appeals of Texas,
Dallas.

Aug. 8, 2003.

Michael E. Robinson, The Robinson Law
Firm, Richardson, for Appellant.

Mike H. Bassett, The Bassett Firm,
Scott A. Whisler, Grau, Ashley & Koen,
P.C., Dallas, J. Woodfin Jones, Alexander

Dubose Jones & Townsend LLP, Austin, for Appellee.

Before Chief Justice THOMAS and Justices WHITTINGTON and O'NEILL.

## OPINION

Opinion By Chief Justice THOMAS.

Michael and Lyudmila Roytberg appeal the judgment rendered in favor of Wal–Mart Stores, Inc. d/b/a Sam's Club (Sam's) on their premises liability claim. In their sole issue, the Roytbergs contend there was no evidence to support the jury's verdict. In one cross-point, Sam's contends the trial court erred in including a spoliation of evidence instruction. We affirm.

While shopping at Sam's, Mr. Roytberg suffered personal injuries when he sat in a swivel patio chair and fell backwards, hitting his head and elbow on the concrete floor. After Sam's Manager Joann Flora helped Mr. Roytberg give a written statement about his fall, he left by ambulance to a hospital and was later treated for a concussion. Pursuant to store procedure, Flora submitted an oral and written customer incident report to the store's insurance carrier. She also took pictures of the chair, which were later admitted into evidence at trial. Flora did not know that she was obligated to preserve the chair in anticipation of possible litigation. Instead, she had Ryan Helme, a store employee, inspect and remove the chair. Neither Flora nor Helme could tell anything was wrong with the chair simply by looking at it. Upon inspection, Helme found the chair "had a weird lean to it" and had a loose bolt. Helme tightened the bolt and tried to sit in it, but the chair almost tipped over. He removed the chair from the sales floor and put it in the store's claims department where employees place damaged merchandise. Sam's subsequently lost the chair.

After the Roytberg's filed suit, Sam's failed to produce the chair in response to a discovery request. At trial, the judge included the following instruction in the jury charge:

> You are instructed that [Sam's] has negligently destroyed evidence that is relevant to this case. Therefore, you are instructed that the destroyed evidence, the Lawn Chair, was unfavorable to [Sam's] on the issue of [Sam's] liability in this case. Therefore, [Sam's] has the burden to disprove the presumption of liability by a preponderance of the evidence.

Despite the instruction, the jury answered "no" to the following question:

> "Did the negligence, if any, of [Sam's] proximately cause the occurrence in question?"

With respect to the condition of the premises, [Sam's] was negligent if

> a. the condition posed an unreasonable risk of harm, and
>
> b. [Sam's] knew or reasonably should have known the danger, and
>
> c. [Sam's] failed to exercise ordinary care to protect Michael Roytberg from the danger, by both failing to adequately warn Michael Roytberg of the condition and failing to make that condition reasonably safe.

Thereafter, the Roytbergs filed a motion for judgment notwithstanding the verdict and motion for new trial. The trial court denied the motion for JNOV and rendered judgment in accordance with the jury's verdict. This appeal followed.

In their sole issue, the Roytbergs argue there is "no evidence on which the jury could have made the findings in issue

number one against the plaintiffs"[1] in light of the spoliation instruction. When the party with the burden of proof challenges the legal sufficiency to support the fact finder's failure to find in its favor, that party must (1) show no evidence supports the failure to find and (2) the evidence establishes the desired finding as a matter of law. *See Honeycutt v. Billingsley*, 992 S.W.2d 570, 577 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *Id.* First, the reviewing court must examine the record for evidence supporting the finding, while ignoring all evidence to the contrary. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex.2001) (per curiam). Second, if there is no evidence to support the finding, the reviewing court will then examine the entire record to determine the contrary proposition is established as a matter of law. *Id.* The point of error should be sustained only if the contrary proposition is conclusively established. *Id.*[2]

At trial, both Flora and Helme testified they could not tell the chair was broken simply by looking at it after the accident. Similarly, the jury had photographs of the chair taken after the accident and could have determined that the photographs did not show a visibly dangerous chair. Moreover, Flora and Helme testified they had no prior knowledge of any customers falling or being injured from that type of chair. Flora was not aware if any customers had ever before returned this type of chair to the store. Helme testified that "a lot of customers" had returned that type of chair for various reasons, although he could not recall the customers' reasons. Thus, the jury could have inferred that Sam's was not aware of a problem with this particular type of chair. Furthermore, to avoid and immediately correct possible safety hazards, Sam's has a Safety Committee, which is comprised of employees who conduct weekly "tour walks" of the store. The evidence showed that if the committee had found furniture leaning in an unsafe manner, it would have immediately notified management and corrected the situation.

Considering this evidence in the light most favorable to Sam's, we conclude the Roytbergs cannot meet their burden to conclusively establish Sam's knew or should have known that the chair posed an unreasonable risk of harm or that Sam's failed to exercise ordinary care to protect Mr. Roytberg from the danger posed by the chair. Consequently, we overrule the Roytbergs' sole point of error. Based on this disposition, we need not address Sam's cross-point. *See* TEX.R.APP. P. 47.1.

We affirm the trial court's judgment.

---

1. We note that, in their statement of the issues, the Roytbergs present their claim as one of factual sufficiency: "Was the jury verdict against the great weight and purponderance [sic] of the evidence given the spoliation instruction given to the jury in the charge of the court." In their argument, however, the issue is presented and briefed as a "no evidence" complaint. Accordingly, we will respond to the issue as briefed.

2. To the extent the Roytbergs argue that the presumption shifted the burden of *proof* at trial to Sam's, we disagree. The presumption shifted only the burden of production and allowed the Roytbergs to avoid a directed verdict. *See Texas A & M Univ. v. Chambers*, 31 S.W.3d 780, 783 (Tex.App.-Austin 2000, pet. denied) (explaining that sole effect of presumption is to fix burden of producing evidence).