Mary MITCHELL and All
Occupants, Appellants

v.

CITIFINANCIAL MORTGAGE
COMPANY, Appellee.

No. 05-05-00788-CV.

Court of Appeals of Texas,
Dallas.

May 17, 2006.

Mary Mitchell, DeSoto, for Appellant.

Robert F. Maris, Maris & Lanier, P.C., Dallas, Esteban Gonzales, Attorney At Law, Addison, for Appellee.

Before Justices WHITTINGTON, BRIDGES, and LANG–MIERS.

**OPINION**

Opinion by Justice BRIDGES.

This is an appeal of a judgment granting possession of certain premises to Citifinancial Mortgage Company. Appellants Mary Mitchell and all occupants of the premises in question contend in a single issue the trial court erred because the

evidence supporting the judgment is insufficient. Specifically, appellants contend that Citifinancial's complaint for forcible entry and detainer did not sufficiently describe the land or premises for which it sought possession. We affirm the trial court's judgment.

The facts of this case are well known to the parties; thus, we do not recite them here in detail. On appeal, appellants contest the sufficiency of the complaint as set forth in Citifinancial's petition for forcible detainer. Appellants make no argument and provide no authorities pertaining to the sufficiency of the evidence, thereby waiving any such argument. *See* TEX. R.APP. P. 38.1(h). However, we construe appellants' brief liberally, and we will address the sufficiency of the complaint issue. *See* TEX.R.APP. P. 38.9.

■ To properly preserve error for appellate review, a party must make a timely specific objection to the trial court. *See* TEX.R.APP. P. 33.1(a). Appellants did not complain about the sufficiency of the property description to the trial court. Therefore, appellants have not preserved any alleged error. *See Stewart v. Breese*, 367 S.W.2d 72, 73 (Tex.Civ.App.-Dallas 1963, writ dism'd).

■ Notwithstanding lack of preservation, however, appellants contentions are without merit. Under rule 741 of the Texas Rules of Civil Procedure, a complaint for forcible entry and detainer "shall describe the lands, tenements, or premises, the possession of which is claimed, with sufficient certainty to identify the same...." TEX.R. CIV. P. 741. This Court has held that a street address is sufficiently certain to identify the premises made the subject of a detainer action. *See Stewart*, 367 S.W.2d at 73. Citifinancial's complaint described the premises by the following legal description: "Being Lot 35, in Block B of Creek Tree Estates, Phase III–

B, an addition to the City of DeSoto, Dallas County, Texas according to the map thereof recorded in Volume 85196, Page 3920 of the map records of Dallas County, Texas." The complaint also identified the "Property" as "more commonly referred to as 909 Hideaway Place, DeSoto Texas 75115." Further, the complaint identified the "Property" as the same location where appellants could be served with process. Appellants do not contend they were misled or confused by the complaint's identifying information. In fact, appellants offer no argument to support their contention that the identifying information was lacking in some way. We conclude that both the address and the legal description set forth in the complaint sufficiently identified the premises at issue for the purposes of rule 741.

■ Rule 741 also requires that the complaint "state the facts which entitle the complainant to possession...." TEX.R. CIV. P. 741. The complaint in this case stated that Citifinancial, holder of the note for the Deed of Trust, executed its power of sale under the Deed of Trust and acquired the property. The complaint further stated that appellants were given notice to vacate the premises pursuant to the Texas Property Code and that they failed or refused to do so. These facts are sufficient to demonstrate Citifinancial's entitlement to possession of the property. *See Powelson v. U.S. Bank Nat'l Ass'n*, 125 S.W.3d 810, 812 (Tex.App.-Dallas 2004, no pet.).

■ We note appellants filed an amendment to their brief relying on three exhibits that are not contained in the appellate record. This Court may not consider any matters that are outside the appellate record. *Carlisle v. Philip Morris, Inc.*, 805 S.W.2d 498, 501 (Tex.App.-Austin 1991,

writ denied). Accordingly, we overrule appellants' sole issue.

We affirm the trial court's judgment.