

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00077-CV
_____

BESSIE LEE, MICKEY GERALD, SR., AND ALL OCCUPANTS, Appellants

V.

AURORA LOAN SERVICES, L.L.C., Appellee

On Appeal from the County Court at Law No. 4
Dallas County, Texas
Trial Court No. CC-08-04704-D

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Bessie Lee took out a $455,000.00 variable interest rate loan and secured the loan with a deed of trust on real property in Farmers Branch, Dallas County, Texas. Lee was eventually unable to comply with the terms of the loan and Aurora Loan Services, L.L.C. (Aurora), the then-holder of the loan and lien, accelerated the note and foreclosed the lien through a trustee's sale. Aurora purchased the real estate at the trustee's sale on April 1, 2008.

One week after the foreclosure, Aurora caused two copies of a notice to vacate addressed to Lee to be mailed (one of which was directed to her at the address of the foreclosed property and another of which was directed to her at a Las Vegas, Nevada, address) and a third to be mailed addressed to "Occupant" at the address of the foreclosed real property: 9208 Hidden Lakes Court, Grand Prairie, Texas 75104. All three copies, having been sent by certified mail, were returned unclaimed.

Aurora then caused an action in forcible detainer to be filed in a Dallas County justice court on May 12, 2008, naming Lee and "all occupants" as defendants. A default judgment for forcible detainer was rendered in favor of Aurora in that justice court action May 20, 2008. Although the appeal bond (or pauper's affidavit in lieu of bond) for the appeal from the justice court is not contained in the record, it would appear that Mickey Gerald made a pro se appearance in the justice court and took steps to appeal the action; it was docketed with the Dallas County Court at Law Number 4. After a hearing (during which Gerald testified that he was leasing the property and had

2

an option to purchase it[1]), the County Court at Law granted a judgment granting possession of the property to Aurora.[2]  Although Lee is the named defendant and a notice of appeal purports to bear her signature, Lee has filed an affidavit with this Court wherein she maintains that she never filed this appeal or authorized its prosecution on her behalf, that her signature on the notice of appeal was forged, and that she, in fact, does not even know Gerald at all; she requests that this appeal be dismissed as to her.  We dismiss this appeal as to Lee.[3]

In a single issue raised for the first time on appeal to this Court, Gerald asks for reversal of the trial court's judgment because he claims Aurora's petition for forcible detainer insufficiently described the property, even though the above street address was included.  Aurora argues the appeal is frivolous and asks this Court to award damages, the supersedeas and appeal bonds, and attorney's fees and costs.

---

[1]Lee's affidavit states, "I do not know a Mickey Gerald, Sr.  I have never communicated with him in any way.  I have never entered into any leasing agreement with this individual.  I have never authorized Mr. Gerald to occupy this property, and his occupation of the property was and is without my knowledge and consent.  I have never received any rental payments from Mr. Gerald or any other individual.  Any and all representations made by Mr. Gerald to this Court or any other authority regarding his association with me are false and fraudulent."

[2]Originally appealed to the Fifth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005).  We are unaware of any conflict between precedent of the Fifth Court of Appeals and that of this Court on any relevant issue.  See TEX. R. APP. P. 41.3.

[3]There is nothing in the record to suggest there are other occupants located on the property.

Gerald's sole point of appeal is that he alleges that the property the subject of the lawsuit is insufficiently described. Aurora argues it is entitled to damages for frivolous appeal under Rule 45 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 45. Aurora also asks the Court to award it the $20,000.00 supersedeas bond and $10,000.00 appeal bond, as well as attorney's fees and costs.

**I.      Analysis**

In order to preserve the issue of sufficient property description for appellate review, Gerald was required to make a timely, specific objection to the county court. *See* TEX. R. APP. P. 33.1(a); *Mitchell v. Citifinancial Mortgage Co.*, 192 S.W.3d 882, 883 (Tex. App.—Dallas 2006, no pet.). There is nothing before us that suggests he complained about the sufficiency of the property description below. Therefore, Gerald failed to preserve this issue for appellate review. *Id.*

Even had he raised the issue at trial, Gerald's contention has no merit. Rule 741 of the Texas Rules of Civil Procedure states that a complaint for forcible detainer "shall describe the lands, tenements or premises . . . with sufficient certainty to identify the same." TEX. R. CIV. P. 741. Gerald argues that a metes and bounds description of the property is required. This is simply not the law. A street address enables one to identify a piece of property in an action for forcible detainer; several cases have held that a street address provides the description required under Rule 741. *Mitchell*, 192 S.W.3d at 883; *Powelson v. U.S. Bank Nat'l Ass'n*, 125 S.W.3d 810, 812 (Tex.

App.—Dallas 2004, no pet). Further, Gerald's contention is simply wrong; the petition incorporates

the deed of trust executed by Lee by reference to it, and the deed of trust described the property as:

> LOT 671 IN BLOCK 1 OF LAKE RIDGE SECTION 12, AN ADDITION TO THE
> CITY OF GRAND PRAIRIE, DALLAS COUNTY, TEXAS, ACCORDING TO
> THE CITY OF GRAND PRAIRIE, DALLAS COUNTY, TEXAS, ACCORDING
> TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 98043, PAGE 91,
> PLAT RECORDS, DALLAS COUNTY, TEXAS.

This paragraph not only sufficiently describes the property for the purposes of an action in

forcible detainer, but would allow one to obtain the metes and bounds description from the Dallas

County real property records. As such, there can be no question that the pleading requirements

regarding the property description as contained in Rule 741 of the Texas Rules of Civil Procedure

were met. Even in other kinds of issues which might require more stringent standards, "A writing

need not contain a metes and bounds property description to be enforceable; however, it must furnish

the data to identify the property with reasonable certainty." *Tex. Builders v. Keller*, 928 S.W.2d 479,

481 (Tex. 1996). The description meets that standard.

Next, should we determine that this appeal was frivolous after considering the record, briefs,

and other papers filed, Rule 45 of the Texas Rules of Appellate Procedure permits us to award "just

damages." *Solares v. Solares*, 232 S.W.3d 873, 883 (Tex. App.—Dallas 2007, no pet.). Recovery

is authorized if the appeal is objectively frivolous and caused injury to Aurora. *See id.*; *Njuku v.

Middleton*, 20 S.W.3d 176, 178 (Tex. App.—Dallas 2000, pet. denied). An appeal is frivolous if it

5

was brought with no reasonable grounds for reversal of the trial court's judgment. *Solares*, 232 S.W.3d at 883; *Keith v. Solls*, 256 S.W.3d 912, 919–20 (Tex. App.—Dallas 2008, no pet.).

Here, Gerald's sole ground for appeal was not preserved for review. Even if he had preserved this alleged error at trial, just a peremptory glance at or brief review of Aurora's petition for forcible detainer, the deed of trust, Rule 741 of the Texas Rules of Civil Procedure, and relevant caselaw would have shown that Aurora's descriptions of the property were sufficient for the circumstance of this suit. Accordingly, Gerald had no reasonable ground to believe that the trial court's judgment would be reversed. The filing of this appeal has delayed Aurora's rightful possession to the property and has caused it to expend time, money, effort, and other resources to defend the appeal. We agree with Aurora that this appeal was patently frivolous and that it is entitled to damages under Rule 45 of the Texas Rules of Appellate Procedure.

Therefore, discretionary sanctions may be awarded. *Wallingford v. Trinity Universal Ins. Co.*, 253 S.W.3d 720, 728 (Tex. App.—Amarillo 2007, pet. denied). Proof by affidavit is a proper method of establishing the appropriate sanction for the filing of a frivolous appeal. *Tex. State Taekwondo Ass'n v. Lone Star State Taekwondo Ass'n*, No. 08-01-00403-CV, 2002 WL 1874852, at *3 (Tex. App.—El Paso 2002, no pet.) (not designated for publication) (citing *Smith v. Brown,* 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)). Aurora's attorney has filed an affidavit wherein he states that the charge for his services in defending this appeal was $150.00 per hour. Gerald has challenged neither the form nor the substance of this affidavit.

However, although in his affidavit Aurora's attorney swears that at least thirty-four hours were expended performing legal services in this matter, he does not differentiate between services performed at the trial court level and services performed thereafter in this appeal. Instead, Aurora simply asks us to award $7,640.00, without proof or statement justifying this amount. On the other hand, other Texas courts of appeals have awarded damages in situations in which no evidence of damages were provided to the courts as the bases for the awards. *See Njuku*, 20 S.W.3d at 178 (awarding $5,000.00); *Salley v. Houston Lighting & Power Co.*, 801 S.W.2d 230, 232 (Tex. App.—Houston [1st Dist.] 1990, writ denied) (awarding $6,000.00); *Rosenthal v. Nat'l Terrazzo Tile & Marble, Inc.*, 742 S.W.2d 55, 57 (Tex. App.—Houston [14th Dist.] 1987, no writ) (awarding $2,500.00). With the unanswered allegations by Lee that Gerald has forged her name to documents employed in this appeal and her statements that Gerald is apparently a simple trespasser on the property, we find this situation and Gerald's actions concerning the appeal particularly egregious. We also recognize that Gerald's unwarranted action in depriving Aurora of possession of the property by prosecuting this frivolous appeal has occasioned damage to Aurora. Accordingly, we award Aurora $7,500.00 against Gerald for this frivolous appeal as just damages.

Aurora also asks that the Court award it recovery under both the $20,000.00 supersedeas bond and the $10,000.00 appeal bond. A judgment of a county court (or county court at law) after an appeal of an eviction from a justice court may not be stayed pending appeal under any circumstance unless, within ten days of the signing of the judgment, the appellant files a supersedeas

bond in an amount set by the county court. TEX. PROP. CODE ANN. § 24.007 (Vernon 2000). Rule 43.5 of the Texas Rules of Appellate Procedure states that "[w]hen a court of appeals affirms the trial court judgment, . . . the court of appeals must render judgment against the sureties on the appellant's supersedeas bond, if any, for the performance of the judgment." TEX. R. APP. P. 43.5. The supersedeas bond in this case was intended to indemnify Aurora from losses caused by delay of appeal. *See Baxter v. Gates of Normandie*, No. 05-03-00245-CV, 2004 WL 303594, at *1 (Tex. App.—Dallas Feb. 18, 2004, no pet.); *Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ). However, such a bond is not an unconditional agreement to pay a liquidated amount; it imposes only a contingent or conditional liability. *Baxter*, 2004 WL 303594, at *1. "[T]he damages cannot be determined in an appellate court but must be determined by proof of facts transpiring after judgment and during the pendency of the appeal." *Id.* Thus, beyond the sanction assessed above, we may not summarily ascertain the amount of monetary damages occasioned by this delay on appeal. *Id.*; *Muniz*, 797 S.W.2d at 150. Rather, it would be the duty of Aurora to show the extent of its damage or loss. *Baxter*, 2004 WL 303594, at *1 (citing *State v. Watts*, 197 S.W.2d 197, 199 (Tex. Civ. App.—Austin 1946, writ ref'd)).

Here, because Aurora has simply asked the Court to award it recovery under the $20,000.00 supersedeas bond without providing adequate reasoning or proof of the damages sustained by it, we deny Aurora's request. However, in accordance with Rule 43.5, we render judgment against the surety on Gerald's supersedeas bond for performance of the judgment, sanctions assessed herein, and

the appellate costs taxed against Gerald. *See Robertson v. ADJ P'ship, Ltd.*, 204 S.W.3d 484, 496 (Tex. App.—Beaumont 2006, pet. denied); *Atlas Capital Corp. v. Virani*, 1 S.W.3d 254, 255 (Tex. App.—Texarkana 1999, no pet.).

Next, Aurora seeks for this Court to award it the $10,000.00 appeal bond without showing us the authority under which it could be done or adequate briefing to justify it. An action in a forcible detainer proceeding is a special proceeding governed under particular rules and statutes. *Haginas v. Malbis Mem'l Found.*, 163 Tex. 274, 354 S.W.2d 368, 371 (1962). An appeal bond, which is filed in the *justice* court, guarantees that an appellant will prosecute his appeal in the county court with effect or pay all costs and damages which may be adjudged against him. TEX. R. CIV. P. 749. Because Gerald prosecuted his appeal with the county court at law (albeit unsuccessfully and rather speciously), and the supersedeas bond will cover Aurora if Gerald fails to execute performance of the judgment, Aurora is not entitled to the $10,000.00 appeal bond filed with the justice court as liquidated damages.

Finally, Aurora asks this Court to award it attorney's fees and costs under Section 24.006 of the Texas Property Code. Rule 752 of the Texas Rules of Civil Procedure states, "[o]n the trial of the cause in the county court," Aurora "shall be permitted to plead, prove and recover" damages which "may include . . . reasonable attorney fees in the justice court and county courts provided, as to attorney fees, that the requirements of Section 24.006 of the Texas Property Code have been met." TEX. R. CIV. P. 752; *see Volume Millwork, Inc. v. W. Houston Airport Corp.*, 218 S.W.3d 722, 732

(Tex. App.—Houston [1st Dist.] 2006, pet. denied). Section 24.006 sets out the procedure and proof required to obtain attorney's fees and costs.

We may review an award of attorney's fees and/or costs, or the lack thereof, for an abuse of discretion. *Lugo v. Herrera*, No. 03-08-00215-CV, 2008 WL 4823163, at *3 (Tex. App.—Austin Nov. 7, 2008, no pet.) (mem. op.). However, neither the justice court nor the county court at law awarded attorney's fees or costs to Aurora; further, the record we have indicates that Aurora did not offer proof at the trial court level regarding reasonable and necessary fees or the costs incurred by Aurora. Aurora has not provided (and we do not find) any authority permitting us to enter an award of attorney's fees of this type where this matter was not considered first by the trial court. Accordingly, we deny an award of attorney's fees to Aurora.

## II.    Conclusion

As stated above, the appeal as to Lee is dismissed because the appeal was filed without her authority or her knowledge. We conclude both that Gerald failed to preserve error on his sole ground for appeal and that Gerald's appeal was meritless and frivolous; accordingly, we deny Gerald's point of error. It is therefore ordered, adjudged, and decreed that Gerald pay to Aurora the sum of $7,500.00 as just damages for the filing of this frivolous appeal. We also render judgment against the surety on Gerald's supersedeas bond for performance of the judgment, sanctions assessed herein, and appellate costs taxed against Gerald. We deny both Aurora's requests to award it further

10

attorney's fees and costs and to award it the $10,000.00 appeal bond filed in the justice court. In all

other respects, we affirm the judgment of the trial court.


Bailey C. Moseley
Justice

Date Submitted:     January 26, 2009
Date Decided:       January 27, 2009