AFFIRM; Opinion Filed January 14, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-11-01023-CV

## PHILLIP CARO, Appellant

## V.

## FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellee

On Appeal from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. CC-11-04179-B

# MEMORANDUM OPINION

Before Justices Bridges, Lang, and Richter[1]
Opinion By Justice Lang

This is an appeal from a judgment in a forcible detainer action awarding to Federal Home

Loan Mortgage Corporation (FHLMC) possession of property located at 412 Orchard Hill Drive,

Cedar Hill, Texas 75104 ("property"). In a single issue, Phillip Caro, appearing pro se, argues the

trial court erred in granting judgment in favor of FHLMC because the complaint and notice to vacate

were insufficient.[2] We affirm the trial court's judgment.

---

[1] The Honorable Martin Richter, Retired Justice, Fifth District Court of Appeals, Dallas, Texas, sitting by assignment.

[2] Caro filed the notice of appeal individually, but argues at times as if he is joined by other occupants of the property. However, because no other occupants joined Caro in the notice of appeal, we address the arguments raised only as they pertain to him. *See* TEX. R. APP. PROC. 25.1(c), (d)(5).

# I. BACKGROUND

FHLMC purchased the property at a foreclosure sale on September 7, 2010, after Caro and LaToya Alexander defaulted on a promissory note that was secured by a deed of trust covering the property. Pursuant to the deed of trust, Caro, Alexander, and any other occupant became tenants at sufferance subject to removal by writ of possession or other court proceeding.

On January 18, 2011, and again on January 31, 2011, FHLMC gave Caro, Alexander, and tenant Patsy R. Johnson written notice to vacate the property. The notices, sent both by certified mail, return receipt requested and regular mail, informed Caro, Alexander, and Johnson that suit would be filed if the property was not timely vacated. The first notice gave three days to vacate and the second notice gave ninety days.

On May 18, 2011, after Caro, Alexander, and Johnson had failed to vacate the property, FHLMC filed its forcible detainer action in justice court and attached to the petition a copy of the deed of trust. The petition stated that FHLMC owned the property and was entitled to immediate possession. The petition also stated that Caro, Alexander, and Johnson were given written notice to vacate the property, but they failed and refused to leave. The petition identified the property by its street address as well as by the legal description found in the deed of trust. Caro, Alexander, and Johnson failed to answer the petition, and the justice court rendered judgment in favor of FHLMC. This judgment was subsequently appealed to the county court at law.

At the de novo bench trial, FHLMC offered into evidence without objection (1) a substitute trustee's deed showing FHLMC purchased the property at the foreclosure sale, (2) the deed of trust, and (3) copies of the notices to vacate sent to Caro, Alexander, and Johnson. Johnson, the sole defendant to appear, offered no evidence, and FHLMC was again awarded judgment. The trial court did not file findings of fact and conclusions of law, and none were requested.

## II. SUFFICIENCY OF THE PETITION

Relying on *Steele v. Steele*, 2 Willson 299, (Tex. Ct. App. 1884), Caro challenges the sufficiency of the petition and appears to argue FHLMC should have attached an exhibit containing the "correct legal description."

The record reflects Caro failed to file an answer to FHLMC's petition and failed to appear at trial. However, Caro contends that "[a]n objection" to the sufficiency of the description of the property sought to be recovered in a forcible detainer action "can be first made on appeal." In support, Caro cites to *Granberry v. Storey*, 127 S.W. 1122 (Tex. Civ. App. 1910, no writ). Caro's reliance on *Granberry* is misplaced. As FHLMC points out, the *Granberry* court specifically concluded that a complaint about the property description raised for the first time on appeal was late and should have been made to the trial court. 127 S.W. at 1125 (op. on reh'g). Nonetheless, we address the merits of Caro's complaint.

### A. Applicable Law

Pursuant to Texas Rule of Civil Procedure 741, a complaint for forcible entry and detainer must "describe the lands, tenements or premises, the possession of which is claimed, with sufficient certainty to identify the same . . . ." *See* TEX. R. CIV. P. 741. This Court has previously concluded that a street address is sufficiently certain to identify the premises made the subject of a detainer action. *Mitchell v. Citifin. Mortg. Co.*, 192 S.W.3d 882, 883 (Tex. App.—Dallas 2006, no pet.).

### B. Application of the Law to the Facts

Although Caro contends that FHLMC did not sufficiently describe the property sought to be recovered because FHLMC did not attach an exhibit containing the correct legal description, no such requirement exists. FHLMC's petition for forcible detainer includes the street address of the property, and this was sufficient. *See Mitchell*, 192 S.W.3d at 883. Moreover, contrary to Caro's

contention, the petition in fact included as an attachment the deed of trust which contained the legal description of the property. We decide against Caro as to this argument.

### III. Sufficiency of the Notice to Vacate

In a single sentence, Caro also argues that FHLMC's notice to vacate was insufficient. Caro argues that FHLMC "failed to follow" the property code and provide him notice to vacate the property.

#### A. Applicable Law

To prevail in its suit, FHLMC had to show, among other things, that FHLMC gave proper notice to Caro to vacate the property. *See Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568-69 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.). Under Texas Property Code section 24.005, unless the parties have contracted for a different notice period, a tenant by sufferance is entitled to at least three days' written notice to vacate before a forcible detainer action is filed. *See* TEX. PROP. CODE ANN. § 24.005(b) (West Supp. 2012). The notice to vacate may be given by regular mail, registered mail, or certified mail, return receipt requested. *Id.* at § 24.005(f).

#### B. Standard of Review

When findings of fact and conclusions of law are not filed or properly requested, it is implied that the trial court made all necessary findings to support its judgment. *Beck v. Walker*, 154 S.W.3d 895, 902 (Tex. App.—Dallas 2005, no pet.). When, as here, a reporter's record is filed, an appellant may challenge the legal and factual sufficiency of these implied findings. *Id.* Challenged findings are reviewed under the same legal and factual sufficiency standards used in reviewing jury findings. *Walker v. Anderson*, 232 S.W.3d 899, 907 (Tex. App.—Dallas 2007, no pet.). In challenging the legal sufficiency of the evidence to support a finding on an issue for which the appellant did not have the burden of proof, the appellant must demonstrate no evidence exists to support the adverse

-4-

finding. *Aland v. Martin*, 271 S.W.3d 424, 429 (Tex. App.—Dallas 2008, no pet.). In challenging the factual sufficiency of the evidence to support such a finding, the appellant must demonstrate the evidence is so weak as to be clearly wrong and unjust. *THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 572 (Tex. App.—Amarillo 2010, pet. denied).

### C. *Application of Law to Facts*

Caro does not argue, and nothing in the record reflects, the parties contracted for a notice period greater than three days. The record here reflects both regular and certified mail notices demanding vacation of the property were sent to Caro on two dates in January 2011. The record further reflects FHLMC filed its petition three months later, on May 18, 2011. We conclude the record before us contains some evidence supporting the trial court's implied finding that the notice FHLMC gave Caro was proper and that evidence is not so weak as to be clearly wrong and unjust. *See* TEX. PROP. CODE ANN. § 24.005(b),(f); *Aland*, 271 S.W.2d at 429; *Perea*, 329 S.W.3d at 572.

### IV. CONCLUSION

We decide Caro's sole issue against him and affirm the trial court's judgment.

DOUGLAS S. LANG
JUSTICE

111023F.P05

-5-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

PHILLIP CARO, Appellant

No. 05-11-01023-CV      V.

FEDERAL HOME LOAN MORTGAGE CORPORATION, Appellee

Appeal from the County Court at Law No. 2 of Dallas County, Texas. (Tr.Ct.No. CC-11-04179-B).

Opinion delivered by Justice Lang, Justices Bridges and Richter participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's judgment. We **ORDER** that appellee Federal Home Loan Mortgage Corporation recover its costs of this appeal from appellant Phillip Caro.

Judgment entered January 14, 2013.

DOUGLAS S. LANG
JUSTICE